UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 68.60.169.181,

        Defendant.
_____/

Case No. 1:24-cv-1327

HON. ROBERT J. JONKER

**ORDER**

Before the Court is plaintiff's motion for leave to file unredacted versions of plaintiff's first amended complaint, proposed summons and return of service under seal. (ECF No. 8). A document filed with the Court becomes a judicial record. *Pansy v. Stroudsburg*, 23, F.3d 772, 781 (3d Cir. 1994). "When a district court relies upon a document 'in determining the litigants' substantive rights, and in performing its adjudicatory function . . . [t]he common law presumption of public access' attaches to the document." *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (alteration in original)). A court's decision to seal a record is governed by a balancing test that generally favors public availability. *See* In re *Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (holding that only the most compelling reasons justify nondisclosure of judicial records). To determine whether the parties have overcome the presumption of access, the Court balances the public's interest against the claimed interest in confidentiality. *Picard*, 951 F. Supp. at 691 (citing *Matter of Continental*, 732 F.2d 1302, 1313 (7th Cir. 1984)). The "preference for public access is rooted in the public's first amendment right to know about the administration of

justice." Id. (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)). Public access "helps safeguard 'the integrity, quality and respect in our judicial system' and permits the public to 'keep a watchful eye on the workings of public agencies.'" *Id*. (quoting *Orion*, 21 F.3d at 26).

Plaintiff filed a First Amended Complaint that redacts certain personally identifying information of the defendant. (ECF No. 7).  In the instant motion it states that the identity of the defendant is known to Plaintiff, but that to avoid embarrassment, it requests leave of Court to provide personally identifying information of the defendant under seal. (ECF No. 8).  The Court is not persuaded that the exacting standards for filings under seal are met.  Litigation is a public matter, and transparency of proceedings is presumptively appropriate. *See, e.g.*, FED. R. CIV. P. 10(a) (requiring that a complaint state the names of all parties); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Simply being named in a lawsuit does not warrant anonymity.  Virtually every case includes allegations that one party or another may find problematic or embarrassing.  The remedy is not to keep identities secret until the matter is adjudicated, but to litigate the case on the merits. Here, the Court does not find good cause to keep the identity of Defendant John Doe off the record.[1]

**ACCORDINGLY, IT IS ORDERE**D that Plaintiff's motion for leave to file unredacted versions of plaintiff's first amended complaint, proposed summons and return of service under seal (ECF No. 8) is **DENIED**.

Dated:   April 8, 2025            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that this issue is a recurring one and that its approach here is consistent with how it has handled these cases in the past. *See, e.g.*, Order, *Malibu Media, LLC v. Doe*, Case No. 1:14-cv-258 (W.D. Mich. May 15, 2014), ECF No. 13; Order Denying Defendant's Motion to Quash Subpoena, *Malibu Media, LLC v. Doe*, Case No. 1:12-cv-621 (W.D. Mich. Aug. 9, 2013), ECF No. 14; Order, *Malibu Media, LLC v. Doe*, Case No. 1:12-cv-621 (W.D. Mich. Oct. 18, 2012), ECF No. 13.